UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-337-JLS (SP) | Date | January 22, 2016 |
|---|---|---|---|
| Title | JAVIER PELLECER v. JIM McDONNELL, Sheriff | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Based on *Younger* Abstention Principles**

Petitioner Javier Pellecer, a pretrial inmate at the Men's Central Jail in Los Angeles proceeding pro se, filed a federal habeas petition in this court on January 15, 2016 ("Petition"). Petitioner raises four grounds for relief, all arising out of his contention that the trial court erred in denying his motion to suppress evidence obtained as a result of his warrantless arrest. Petitioner contends he will not be able to have a fair and impartial trial because his suppression motion was denied.

This is not petitioner's first attempt to challenge his warrantless arrest in this court. On July 31, 2014, petitioner filed a civil rights complaint in this court in case number CV 14-4959-JLS (SP). In that case, petitioner alleged his constitutional rights were violated when he was unlawfully arrested without a warrant on two occasions, for which he was then – and apparently still remains – in pretrial custody, pending trial in case number BA417246. This court dismissed petitioner's claims for equitable relief in that civil rights case, and stayed his claims for damages until the state criminal case is no longer pending, all under the *Younger* abstention doctrine. A similar outcome appears warranted with respect to the instant Petition for federal habeas relief.

In *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court held that a federal court was prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" that warrant federal intervention. *Id.* at 43-54. *Younger* abstention principles apply to federal habeas proceedings. *See Brown v. Ahern*, 676 F.3d 899, 900-03 (9th Cir. 2012) (upholding dismissal of habeas petition seeking to raise speedy trial claim pretrial). Indeed, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-337-JLS (SP) | Date | January 22, 2016 |
|---|---|---|---|
| Title | JAVIER PELLECER v. JIM McDONNELL, Sheriff | | |

affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) (citation omitted).

Under the *Younger* Abstention Doctrine, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). *Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

The Petition makes clear that the case in which petitioner's suppression motion was denied is still pending in Los Angeles County Superior Court. This court must abstain from interfering in the those state criminal proceedings. Petitioner's claims in the instant Petition would necessarily implicate his pending criminal case, involving important state interests. Further, since the Petition makes plain that petitioner's suppression motion was heard and decided by the trial court, and that petitioner also raised the matter before the state appellate courts, petitioner has had – and, if convicted, will have further – opportunity to raise his claims with respect to the suppression motion in the state courts. Therefore, it appears this case should be dismissed based on *Younger* abstention principles.

Accordingly, the court hereby issues this ORDER TO SHOW CAUSE why the Petition should not be dismissed under the *Younger* Abstention Doctrine. Petitioner is ordered to respond to this Order to Show Cause on or before **February 22, 2016**.

Alternative, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** If petitioner wishes to dismiss this action without prejudice, he should submit the voluntary dismissal form by **February 22, 2016**.

Petitioner is cautioned that failure to respond to this Order to Show Cause as set forth above will result in a recommendation or order of the court dismissing this case.